FREEMAN WIRE AND IRON COMPANY

v.

E. S. HAND.

*Contracts.*

1. Where there is no stated time in which a given thing is to be furnished, a reasonable time must be allowed.

2. In view of the evidence in the case presented, a recovery being sought upon a contract touching advertising, this court declines to interfere with the judgment for the plaintiff.

[Opinion filed June 26, 1893.]

Appeal from the City Court of East St. Louis, Illinois; the Hon. B. H. Canby, Judge, presiding.

Mr. Jesse M. Freels, for appellant.

Messrs. Messick & Rhodes, for appellee.

Mr. Justice Sample. This suit was brought by appellee on the following contract:

"St. Louis, Mo., June 7, 1889.

In consideration of the insertion of an advertisement, to occupy one page, the copy of which is attached hereto, in the book descriptive and illustrative of the Odd Fellows Building, St. Louis, Missouri, we promise to pay E. S. Hand $185 on the publication and delivery to us of a specimen copy of the same. It is agreed that the whole agreement, including the note on the back, between the parties, is contained in this contract.

Freeman Wire Co.

D. I. Field.

$185 in trade or work, including 100 books."

Note on the back: "The within amount is to be applied as a credit on the cost of future work or contract; no rebate on work already under contract; the only house to be advertised in connection with wire work."

The appellee obtained judgment in the court below, from which this appeal was taken, and two points are made by appellant:

First. That the contract was not made with the appellant—"Freeman Wire *and Iron* Co."—but with "Freeman Wire Co."

The evidence shows that practically the change was only in name, and that the appellant under its present name received the advertisement and therein advertised itself by the name of the "Freeman Wire *and Iron Co.*"

That point is not considered well taken.

Second. That the evidence does not sustain the judgment.

The contract is very peculiar and without extraneous proof is unintelligible.

The original contract was twice modified before it was accepted by appellant. It first provided that appellant should pay appellee $185 *in money*, " in consideration of the insertion of an advertisement to occupy one page   &ast;   &ast;   &ast; in the book *descriptive* and *illustrative* of the *Odd Fellows Building*, St. Louis, Missouri, on the publication and delivery of a specimen copy of the same."

At the time this contract was made the appellant had a contract for the fancy wire work on the Odd Fellows Building and was then engaged on the job and had it nearly completed.

It was making a specialty of that kind of work. The appellant refused to sign that kind of a contract when the line below the signature was added, which still was not satisfactory, and finally that on the back was added.

The point of appellant's defense is that this contract, as finally completed, required appellee to furnish work for appellant to do, or to induce others to contract with appellant for the work of the kind that was being done on the Odd Fellows Building. It is claimed the company had a special department for the manufacture of that kind of wire, as well as posts and framework for the same.

The advertisement, however, shows that the company was engaged generally in the manufacture of wire goods, and had a wire mill in East St. Louis, while its other works were at 410 North Main street, St. Louis, Mo.

The appellee ordered barbed wire of the company on his contract, which order was refused on the ground above stated, and thereupon this suit was brought. D. T. Field, the secretary of this company, who made the contract with Hand, testified that Hand was to receive his pay in commissions for such kind of work brought to the company. The evidence shows that Hand was a publisher, and it does not show that he was engaged in the business of drumming up trade or securing contracts. Neither does it show what commissions he was to receive. The contract itself does not mention that fact or fix any rate. It is stated by

Freeman Wire & Iron Co. v. Hand.

Field that some time after the contract was made he told some subordinate, that on contracts or work secured by Hand, he was to be allowed fifteen or twenty per cent commissions. It is somewhat singular, if the advertisement was to be paid in commissions, that the contract itself did not in some way indicate that fact.

The evidence does not show that the rate of commission that Field proposed to allow was any more than the ordinary rate. If so, what was the inducement to print the long advertisement, and in addition furnish one hundred books provided for in the contract?

It may be that Mr. Field intended the contract to be as he states. If so, it should have been expressed in the contract itself in a way, at least, to create a latent ambiguity, so that parol evidence might make the meaning plain or reasonable. But if it is conceded that the contract can be interpreted by aid of the parol evidence to mean what Field claims for it, his evidence shows that the appellant never manufactured that class of work or material used on the Odd Fellows Building, after about Christmas, 1889. In fact Mr. Field can not state that the company did any of that kind of work after the completion of the Odd Fellows Building.

The contract in suit was made on the 7th day of June, 1889, and there was no limitation of time by the contract within which the kind of work claimed by Field was required to be furnished by Hand. He would have a reasonable time to perform his part of the contract.

The company quit manufacturing that kind of work or material before that time had expired. Therefore it was in no position to demand on Hand's part that he should secure work or contracts for it that it was not prepared to fulfill.

The company had got the benefit of the general advertisement of its business, which it continued to carry on, outside of its specialty which had been dropped, and therefore should pay for it.

The judgment is affirmed.

*Judgment affirmed.*